## BYERS, In re, ex parte

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3245. Decided June 10, 1940.

Mayer & Mayer, and B. F. Levinson, Columbus, for appellants.

W. B. McLeskey, Columbus, for appellee.

### OPINION

BY THE COURT:

The above entitled cause is now being determined on motion of George Byers to dismiss the appeal for two reasons:

1. Habeas corpus proceedings are not at this time appealable in Ohio.

2. If they are appealable, Allen and Littell had no right to appeal this cause.

The application for writ of habeas corpus was filed in the Common Pleas Court of Franklin County in the following form:

"IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO.
George Byers, )
Ex parte )
APPLICATION FOR WRIT OF HABEAS CORPUS.

Your petitioner respectfully represents that he is unlawfully restrained of his liberty and imprisoned by Jacob E. Sandusky, as Sheriff of Franklin County, Ohio, in the County Jail in said County and State, and that copies of the commitments or causes of detention are attached hereto marked Exhibit "A" and "B" and made a part hereof.

Wherefor, your petitioner prays that a writ of habeas corpus may be issued to said Jacob E. Sandusky, as Sheriff as aforesaid and that he may be discharged from such illegal restraint.

W. B. McLeskey,
Attorney for Petitioner."

The application was duly verified by Mr. McLeskey. Simultaneosly with the filing of the application the Court journalized an entry authorizing the issuing of a writ for the production of the body of the said George Byers, returnable, etc., and defendant in the meantime was released on his own recognizance.

The sheriff made no return, or at least none is found in the transcript of docket and journal entries. However, George Byers, with his counsel, was present at the time of hearing.

Opposing the writ were Bernice Allen and Donald Littell, represented by their counsel in the persons of B. F. Levinson and Nathan Mayer.

The bill of exceptions discloses that there was no evidence taken whatever. The trial court decided the question on the statements of counsel. The bill contains the statements. Apparently there was no dispute on any factual question.

It appears from this record that Bernice Allen had an action pending on

appeal in the Court of Appeals of Franklin County, Ohio. The cause was lodged in the Court of Appeals on her appeal, the trial court having dismissed her action. Pending the appeal in our court, counsel for Bernice Allen sought to take the deposition of Mr. George Byers before Donald Littell, a notary public in and for Franklin County, Ohio. At the time set for the taking of the deposition, Mr. W. B. McLeskey appeared with George Byers, the witness and also a party, for the announced purpose of objecting to the taking of his deposition, on the claimed ground that no action was then pending. Following advice of counsel, Mr. Byers refused to be sworn or to testify. Mr. Littell, the notary, after citation, held Byers in contempt and ordered him committed to the custody of the sheriff of Franklin County, Ohio, there to remain until he submits to be sworn as a witness.

Following the decision of the trial court discharging Mr. Byers, counsel for Bernice Allen and Donald Littell filed a motion for new trial. George Byers, through his counsel, sought an order striking from the files said motion for new trial on the claimed ground that neither of them were parties to the proceeding. Both motions were overruled.

At this moment we are not concerned with the correctness or incorrectness of the trial court's determination of the cause following the hearing.

We are only dealing with appellee's motion to dismiss the appeal.

We take up the two grounds for dismissal in the order presented:

"1. Habeas corpus proceedings are not at this time appealable in Ohio."

**Sec. 12187 GC** reads as follows:

"**12187. Record of writs; error, etc.** The proceedings upon a writ of habeas corpus must be recorded by the clerks respectively, and may be reviewed on error as any other cases."

It is urged that inasmuch as §12259 GC, and cognate sections, providing the machinery by which error proceedings might be perfected were repealed, there is no machinery left for carrying out the statutory mandate authorizing habeas corpus to be reviewed on error as any other cases.

It is our determination that the new Procedural Act as contained in §§12223-1 et seq, will be given construction as authorizing appeal in habeas corpus proceedings.

**Sec. 12223-3 GC,** is very broad in its provisions authorizing appeals. In substance it says every final order, judgment or decree of a court, etc., may be reviewed as hereinafter provided, etc.

**Sec. 12223-2 GC,** gives a definition as to what is a final order.

An independent research discloses that in many jurisdictions outside of Ohio habeas Corpus proceedings are considered as special actions and not appealable, unless specifically provided for by statute. In other jurisdictions it is declared that the general sections on appeal will be given application in habeas corpus proceedings.

We find no cases in Ohio directly in point.

Counsel for appellee cites the case of **Saslaw v Wiles, 133 Oh St 496,** and counsel for Allen and Littell, the case of the **City Loan & Savings Company v Keenan, et, 136 Oh St 125.** Both cases may be distinguished from the instant case, but through analogy we think the reasoning supports our conclusion.

It is the well recognized policy of the law that reviews are favored.

We hold against appellees on Ground No. 1.

"2. If they are appealable, Allen and Littell have no right to appeal this case."

This second ground is based upon the claim that the application and writ were directed entirely to the sheriff of Franklin County, Ohio, and that neither Allen nor Littell were parties to such proceeding except as they in-

jected themselves into the hearing. Counsel for appellee saved his record by asking that their motion for new trial be stricken. The trial court overruled such motion.

It will be noted that the title of the case is George Byers, ex parte. No one is named as defendant. ██ Under such an application we think the trial court had the right to permit any interested or affected person to appear and resist the application. Under the facts of this case it is very natural that the sheriff would be indifferent. The order of commitment by the notary public was made in a civil action, and the sheriff's attitude would be quite different than where the applicant for writ was held on a criminal charge. No one had any substantial interest in the correctness or incorrectness of the commitment by Notary Littell, except Allen and Byers.

Again, an independent research discloses that the courts of the United States have widely divergent pronouncements on this question. We find numerous cases where the question has been raised as to the sheriff's right to appeal or prosecute error from a decision releasing a person held on a criminal charge.

The great weight of authority, if not the universal holding, is that the sheriff does have such right. This would not necessarily mean that others might not have the right.

The instant case presents the question somewhat differently. In the few reported cases that we are able to find the question arises as to the right of a person not a party to an action, to appeal. Under such situation the rule is stated that generally the right is confined to the parties to the action, although instances are found where there are exceptions to the rule. The principle is discussed in the case of **Roberts, Executor v Roberts, Jr., et, 61 Oh St 96.** Also, see **Vance v Davis, 107 Oh St 577.**

Of course, if it might be determined that the trial court was wrong in permitting Allen or Littell to appear and paticipate in the hearing, this would remove any distinguishing feature.

We think it was entirely proper and appropriate that Allen particularly be permitted to resist appellee's application for writ of habeas corpus. It was upon Allen's application that the notary issued his citation and committed for contempt in refusing to be sworn and give evidence by deposition. It would surely be an anomalous situation to hold that Allen should not be permitted to participate in such hearing. This would mean that under similar situations the notary might properly make a contempt finding and order commitment, but the sheriff by refusing or failing to defend as against a writ, would be instrumental in allowing a discharge and that the party who set the legal machinery in motion authorizing the commitment could not do anything about it. We are unwilling to subscribe to a holding that will be so improper in its effect.

It is our conclusion that under the facts of the instant case, ██ the appellant Allen has the right to appeal. We do not find that the appellant Littell has such right.

Entry may be drawn accordingly.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.